**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**HENRY WESTBROOK**                                                                                    **PLAINTIFF**

**v.**                                              **NO.  4:05-CV-01331 GTE**

**GEORGIA-PACIFIC CORPORATION
and METROPOLITAN LIFE INSURANCE COMPANY**                          **DEFENDANTS**

## ORDER

Two motions filed by Plaintiff Henry Westbrook are before the Court, including:

(1)     Plaintiff's Motion for Limited Discovery; and

(2)     Plaintiff's Motion for Bench Trial.

Defendants Georgia-Pacific Corporation ("GP" or "Georgia Pacific") and Metropolitan Life Insurance Company ("MetLife") have responded to both motions.  This Order resolves both motions.

## BACKGROUND

Plaintiff Henry Westbrook alleges in his Complaint that he is completely disabled, but that GP, the Plan Administrator of a Welfare Benefit Plan administered by GP, has refused to pay him long term disability benefits to which he is entitled and has also refused to continue his life insurance.  Plaintiff also alleges in his Complaint that GP failed to produce copies of all Plan documents, as requested by Plaintiff's counsel.  (See letters attached to Complaint).

In Count I of the Complaint, Plaintiff seeks an Order reinstating his benefits, awarding him past benefits, and continuing his life insurance.  In Count II of the Complaint, Plaintiff claims that he is entitled to a statutory penalty pursuant to 29 U.S.C. § 1132 for GP's failure to

- 1 -

properly respond to his request for information.

On April 21, 2006, the Court entered an Order permitting MetLife to intervene as a defendant in the case based on its status as the Claims Administrator for the ERISA plan at issue.

On June 5, 2006, Defendants filed a Motion for Summary Judgment.  Therein, Defendants contend that while the Plan is self-funded by GP, GP designated to MetLife the "responsibility and discretionary authority for determining eligibility for disability benefits and for construing Plan terms."  Defendants assert that the Court must review MetLife's decision to deny disability benefits by applying a deferential abuse of discretion standard of review.  Defendants contend that Plaintiff failed to prove that, due to his back problems, he is disabled from "any gainful occupation" as defined in the Plan and that substantial evidence in the record supports MetLife's decision to terminate Plaintiff's claim for LTD benefits.

Plaintiff has not responded to the Defendants' summary judgment motion.  Instead, Plaintiff filed a motion requesting a thirty extension of time to respond following the Court's ruling on Plaintiff's request for limited discovery.   Defendants filed a response indicating that they did not oppose the requested extension, but requested that this Court postpone consideration of Plaintiff's discovery request pending the Eighth Circuit's ruling in an appeal from a decision issued by the Honorable Leon Holmes in *Faulkner v. MetLife*, 4:05-CV-1313 (hereinafter, "the *Faulkner* case).

Judge Holmes addressed a similar discovery issue in the *Faulkner* case, *supra*:

> Regardless of whether it would have an effect on the standard of review in this case, [the plaintiff] is entitled to know whether the review conducted by MetLife in his case complied with MetLife's internal guidelines and policies, if such guidelines and policies exist. Federal regulations provide that "[i]n the case of an adverse benefit determination on review, the plan administrator shall provide such access to, and copies of, documents, records, and other information" "relevant to the claimant's claim for benefits."  29 C.F.R. § 2560.503-1(i)(5) and (j)(3).

*Faulkner*, Order of December 5, 2005, Docket No 10.  The parties thereafter became entangled in a dispute over whether MetLife was entitled to a protective order before producing the limited documents MetLife had been directed to produce.  Judge Holmes denied MetLife's request for a protective order.  (*Faulkner*, Orders dated March 1, 2006 and March 21, 2006).  Following the ruling, Judge Holmes stayed the case to permit MetLife to appeal the decision.

On August 3, 2006, the Eighth Circuit entered an Order affirming Judge Holmes' decision except with respect to the dissemination of the Claims Management Guidelines.  On that point alone, the Court of Appeals agreed with MetLife that access to such materials should be restricted to persons or entities not involved in the litigation.

## DISCUSSION

### (1)    Limited Discovery

Plaintiff seeks discovery which appears broader than that sought in the *Faulkner* case. (See Exhibit A to Plaintiff's Motion for Limited Discovery).  Plaintiff has proposed 8 Requests for Production of Documents and 9 Interrogatories.  The proposed discovery is quite broad and appears calculated to explore all aspects of the relationship between GP and MetLife, how this particular claim was processed, and whether the claims personnel/supervisors who determined/participated in resolving Plaintiff's claim stood to gain financially or professionally from the denial of Plaintiff's claim.

As cause for the discovery, Plaintiff states only that "the evidence in this case may prove that there is a conflict of interest" and that this "appears to be a case with several procedural irregularities."  (Motion at p.1).  Plaintiff also asserts that the Plan at issue does not grant

discretion to MetLife, but that assertion appears not to be supported by the language of the Plan.[1] Plaintiff makes no effort to identify the procedural irregularity with which he is concerned or the conflict of interest that may have existed. Nor does he make any other allegations in his motion to support his discovery request.

Defendant opposes the motion. Defendant relies on the fact that a deferential standard of review applies in this case by virtue of the discretion-conferring language in the ERISA Plan at issue in this case. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). Accordingly, Defendant argues, this Court's review is limited to examining the evidence that was before the administrator and additional evidence gathering is not permitted. *See, e.g., Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637 (8th Cir. 1997).

Defendant acknowledges that a plaintiff may be entitled to a less deferential standard of review by presenting "material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty." *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1989); *see also, Tillery v. Hoffman Enclosures, Inc.*, 280 F.3d 1192, 1197 (8th Cir. 2002). But, Defendant argues that Plaintiff has failed to demonstrate "good cause" or to make a threshold showing necessary to justify the requested limited discovery.

Apparently the Georgia-Pacific Plan is self-funded, meaning that Georgia-Pacific's general assets are used to fund any benefits paid under the Plan, and Met Life has the authority, in its discretion, to determine whether benefits are due and payable under the Plan. Thus, Defendants argue, MetLife could not be operating under a conflict of interest. Defendants further

---

[1] Since Plaintiff filed his motion, MetLife has filed the Administrative Record. The record includes both a copy of the Plan and also a copy of the Administrative Service Agreement between Georgia-Pacific and MetLife.

- 4 -

contend that Plaintiff has failed to assert any facts that would demonstrate that any procedural irregularities occurred in this case, despite making that general assertion. Finally, in the event that any discovery is permitted, MetLife requests that it be permitted to produce any confidential documents pursuant to a suitable protective order.

MetLife does not address and has not controverted certain provisions under the Code of Federal Regulations which appear to mandate the disclosure of certain materials to each and every beneficiary of an ERISA Plan whose claim for benefits is rejected. Pursuant to 29 C.F.R. § 2560.503-1(g)(1)(v)(A), a plan administrator is required to provide:

> (v) In the case of an adverse benefit determination by a group health plan or a plan providing disability benefits,
>
> (A) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion;  or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request;

Additionally, all ERISA plans are now required to establish and maintain, "reasonable procedures governing the filing of benefit claims, notification of benefit terminations, and appeal of adverse benefit determinations." See DOL Regulations § 2560.503-1(b). Other applicable regulations obligate MetLife "to have claims procedures designed to ensure and verify that benefit claim determinations are decided according to the relevant plan and consistent with other similarly situated claims." (*Faulkner*, Order of 12/5/2005 at p. 6).  To the extent Plaintiff has not yet received documents to which it is entitled by regulation, including documents which demonstrate the existence of and compliance with claims procedures, MetLife shall provide such documents within 20 days of this order.

The remaining discovery sought by Plaintiff in this case likewise appears on all fours with

the district court's ruling in the *Faulkner* case. Plaintiff here, like the plaintiff in the *Faulkner* case, alleges generally that this case has "several procedural irregularities" but has not alleged a palpable conflict of interest on the part of MetLife. This Court adopts the well-reasoned opinion of Judge Holmes issued on December 5, 2005, in *Faulkner, supra.*, in its entirety, and denies the remainder of Plaintiff's Motion for Limited Discovery. The Court specifically holds that Plaintiff shall not be permitted to take a Rule 30(b)(6) deposition to determine whether MetLife established administrative procedures and followed its own procedures in handling this particular claim. If Plaintiff, from a review of materials provided and to be provided, wishes to file another discovery motion supported by specific allegations justifying discovery based upon a more particularized showing of a specific procedural irregularity, he may do so.

The Court notes the inherent tension in this area of the law. A plaintiff in a Plan which grants discretionary authority is stuck with a deferential review of the plan administrator's decision to deny her claim unless she can produce evidence to demonstrate that either a palpable conflict of interest or serious procedural irregularity likely compromised the decision reached. Yet, when a plaintiff attempts to obtain limited discovery to justify a less deferential standard of review, she faces additional hurdles in opening up discovery. This apparent discrepancy is rectified by keeping in mind the proper role of a reviewing court in ERISA cases. As the Seventh Circuit noted in holding that the district court erred in permitted discovery into a Plan Administrator's decision-making:

> [D]iscovery may be appropriate to investigate a claim that the plan's administrator did not do what it said it did – that, for example, the application was thrown in the trash rather than evaluated on the merits. But when there can be no doubt that the application was given a genuine evaluation, judicial review is limited to the evidence that was submitted in support of the application for benefits, and the mental processes of the plan's administrator are not legitimate grounds of inquiry any more than they would be if the decisionmaker were an administrative agency.

*Perlman v. Swiss Bank Corp. Comprehensive Disability*, 195 F.3d 975, 982 (7th Cir. 1999).

A primary goal of ERISA is to provide a method for the disputes over benefits to be resolved "inexpensively and expeditiously" and in a manner in which the federal courts do not function as substitute plan administrators. *Perry v. Simplicity Engineering*, 900 F.2d 963, 967-68 (6th Cir. 1990). If every federal court reviewing an ERISA claim permitted additional discovery, the expense of ERISA litigation would increase exponentially. Accordingly, it is incumbent on ERISA plaintiffs seeking limited discovery to specifically demonstrate to the Court why the discovery is necessary to prove their particular theory and to show that the discovery is more than a fishing expedition. It is not enough to allege generally that "a conflict of interest may exist" or that the case "may have procedural irregularities." Plaintiff's one-page motion for limited discovery and one-page brief in support fails to satisfy this burden.

Plaintiff's motion for limited discovery will be granted solely to the extent it seeks documentary information within the purview of 29 C.F.R. § 2560.503-1.

**(2)** **Bench Trial**

Plaintiff contends that he is entitled to a bench trial to address his second claim for statutory penalties under ERISA for MetLife's alleged violation of 29 U.S.C. § 1132(c). It appears that this claim is separate and distinct from Plaintiff's claim that benefits were improperly denied. A Scheduling Order addressing the claim for disability benefits has already been issued, but no procedure to address the statutory claim has been established. An Amended Scheduling Order will be issued shortly setting the statutory claim for bench trial, if necessary. The parties may, prior to a bench trial, file motions for summary judgment on this claim pursuant to Fed. R. Civ. P. 56.

## CONCLUSION

For the reasons herein stated,

IT IS THEREFORE ORDERED THAT Plaintiff Henry Westbrook's Motion for Limited Discovery (Docket No. 14) be, and it is hereby, DENIED except insofar as it seeks information covered by applicable regulations and not previously produced.  Said information shall be disclosed within twenty (20) days hereof pursuant to a suitable Protective Order.

IT IS FURTHER ORDERED THAT Plaintiff Henry Westbrook's  Motion for Extension of Time (Docket No. 22) be, and it is hereby GRANTED.  Plaintiff's response to the pending Motion for Partial Summary Judgment shall be filed by October 30, 2006.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Bench Trial (Docket No. 10) be, and it is hereby, GRANTED.  An Amended Scheduling Order pertaining to the statutory claim will be issued separately.

IT IS SO ORDERED this  26th    day of September, 2006.

>  ____/s/Garnett Thomas Eisele____
>  UNITED STATES DISTRICT JUDGE