IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**HENRY WESTBROOK**
**PLAINTIFF**

V.             CASE NO. 4-05cv-1331 (GTE)

**GEORGIA-PACIFIC CORPORATION**
**and METROPOLITAN LIFE INSURANCE**
**COMPANY**
**DEFENDANTS**

## PROTECTIVE ORDER

WHEREAS, by Order dated September 26, 2006, the Court ordered Defendant to produce information related to Plaintiff's claim covered by 29 C.F.R. § 2560.503-1(i)(5) and (j)(3); and

WHEREAS, the responsive information is confidential information held by Defendant, including portions of the Claims Management Guidelines; and

WHEREAS, the parties have agreed to the entry of this Stipulation and Protective Order to enable Plaintiff's counsel to obtain copies of certain information deemed confidential while also protecting the confidentiality of such information.

IT IS HEREBY STIPULATED AND AGREED as follows:

1.   Any documents or information produced by MetLife in compliance with the Court's Order dated September 26, 2006, is not generally publicly available, and shall be designated by the producing party as "Confidential," and shall be deemed "Confidential Information."

2.   Designation of any information as "Confidential" shall be made by stamping each page comprising any such document, copy or excerpt thereof with the

legend or mark "CONFIDENTIAL," or a substantially similar legend or mark at the time of production.

3. "Qualified Person" as used herein means: (i) members, employees, counsel, or co-counsel of Harrill & Sutter, P.L.L.C., (ii) Henry Westbrook; (iii) any expert consulted by Plaintiff or Plaintiff's attorneys in the preparation of this action for trial; and (iv) the Court.

4. Confidential Information shall be disclosed by Plaintiff only to Qualified Persons and then only to the extent counsel in good faith believes that such disclosure is reasonably necessary to the prosecution or defense of this litigation.

5. Each Qualified Person will maintain Confidential Information in confidence and will not reveal it to anyone who is not a Qualified Person without the prior written consent of opposing counsel or, in the absence of such consent, an Order of the Court authorizing such disclosure.

6. In the event the Court allows any depositions in this ERISA matter, Counsel for the parties may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information provided that (a) the witness is informed that the information is confidential and is instructed that such confidentiality must be maintained; and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, Qualified Persons, MetLife's and Plaintiff's counsel, persons present at the request of MetLife or Plaintiff or their counsel, and a court reporter.

7. The transcript of deposition testimony containing Confidential

Information shall be bound separately, marked by the court reporter "Confidential" and treated as Confidential Information subject to the terms of this Stipulation and Order.

8. If either party wishes to use Confidential Information during the litigation of this action, the parties will, in advance, confer in good faith to agree upon a method to protect such Confidential Information, either party may apply to the Court for a mechanism to maintain the confidentiality of material designated as Confidential Information.

9. The disclosure of Confidential Information to a Qualified Person without designating it as Confidential shall not constitute a waiver of the producing party's right to designate such information as Confidential at a later time and, if so designated, the information shall thenceforth be treated as Confidential subject to all terms of this Stipulation and Order.

10. All documents filed with the Court that are designated Confidential or contain Confidential Information shall be filed under seal and kept under seal until further order of the Court. Where possible, only Confidential portions of filings with the Court shall be filed under seal.

11. At the conclusion of this lawsuit (including appeals, if any), all Confidential Information in the possession of any Qualified Person or any other person who has received such information pursuant to this Stipulation and Order, together with all copies, extracts and summaries thereof, shall be returned to the party that produced it or destroyed, except that each counsel may maintain for its files one copy of any trial or deposition exhibits and transcript containing Confidential Information. No Confidential Information may be used in any other judicial or other proceeding or for any other

purpose, except (i) where required by legal process or by law for lawful purposes, or (ii) upon consent of the parties.

12. This Stipulation and Order may be modified by a Stipulation so ordered by the Court or, if the parties are unable to agree, by the Court on the application of a party. This Stipulation and Order shall be binding on all Qualified Persons and all other persons having knowledge of its terms and any violation thereof may be punishable by contempt.

IT IS SO ORDERED this, the 17th day of October, 2006.

                                                   _/s/ Garnett Thomas Eisele_____
                                                   Garnett Thomas Eisele
                                                   UNITED STATES DISTRICT JUDGE